JACK GREEN v. THE STATE.

No. 13918. Delivered February 4, 1931.

The opinion states the case.

*J. S. Stallings,* of Claude, and *W. F. Nix,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE. — Conviction for robbery; punishment, twenty-two years in the penitentiary.

There are two bills of exception in this record, one of which complains of the action of the trial court in overruling appellant's challenge for cause to juror Pafford. From the recitals in the bill it appears that appellant's peremptory challenges were exhausted at a time when special talesmen were brought before the court for the purpose of selecting the twelfth and last juror. Mr. Pafford stated to the court on his voir dire examination that he had heard some discussion as to the manner and circumstances of the alleged robbery, but that he had no opinion as to the guilt or innocense of the appellant, and believed himself competent to try the case upon the law and the evidence. The action of the trial court in overruling the challenge for cause seems in line with numerous authorities that might be cited. What the juror had heard is not shown to have been from any witnesses but from hearsay. The other bill presents substantially the same complaint, setting out more in detail and at length what Mr. Pafford had heard. Said bill also reflects the fact that whatever opinion the juror may have had was formed wholly from hearsay, and that he affirmed under oath that he could lay this aside and try the case according to the law and the evidence. We see no reason to believe the action of the court an abuse of his discretion.

Appellant asked several special charges which were given and some of which were refused, but there is no complaint of the refusal of any charges preserved by separate bills of exception, or noted in such manner as that we can consider same. There are a number of exceptions to the court's charge, but in the absence of a statement of facts it is impossible for us to appraise the complaints made. Practically all of the complaints appearing are of matters the propriety of which would depend upon the existence of facts, testimony regarding which would have to appear in the record.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*